U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

OCT 2 3 2007

ROBERT H. SHEMWELL, CLERK
BY _____
          DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20060-001 |
| | | 07 CV 1407 |
| VS. | : | JUDGE MINALDI |
| EDWARD DAUGHENBAUGH | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Presently before the court is a Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct a Sentence [doc.9] filed by the defendant, Edward Daughenbaugh ("Daughenbaugh"). The motion has been opposed by the Government. This matter is fully briefed and ready for disposition.

In this §2255 motion, Daughenbaugh raises four issues for review:

1) Whether counsel was ineffective for failing to file a direct appeal after being asked to do so by Daughenbaugh;

2) Whether counsel was ineffective for "coercing Daughenbaugh into entering a guilty plea";

3) Whether counsel was ineffective for failing to move for dismissal based upon the fact that Daughenbaugh's statements to the police were "involuntary and a product of coercion; and

4) Whether counsel was ineffective for failing to investigate whether proper procedures were used by the authorities regarding the seizure of the hard drive from the repair shop.

Procedural History

On May 25, 2006, pursuant to a plea agreement, the defendant pleaded guilty to a one-count bill of information charging him with possession of child pornography in violation of 18 U.S.C. §2252A(a)(5)(B). (Rec. Docs. 103). On July 27, 2006, the government filed a motion for

acceptance of responsibility pursuant to 3E1.1(b), which was granted. (Rec. Docs. 4-5).  On August

31, 2006, the defendant was sentenced to 84 months imprisonment.  (Rec. Docs. 7-8).

Facts

The stipulated factual basis for the plea provides that on May 19, 2006, computers were

seized from the defendant's home.  These computers contained "hard core prepubescent child

pornography." The defendant admitted to downloading 7,000 to 8,000 images of child pornography.

(Rec. Doc. 3).  The Presentence Investigation Report ("PSR") also describes the retrieval of child

pornography from a computer hard drive that the defendant had left at a computer repair shop. (PSR

¶¶ 3-6).

Law and Analysis

" 'Relief under 28 U.S.C.§ 2255 is reserved for transgressions of constitutional rights and for

a narrow range of injuries that could not have been raised on direct appeal and would, if condoned,

result in a complete miscarriage of justice.' "[1]

Collateral review is fundamentally different from and may not replace a direct appeal.[2]  The

issue of the voluntariness of Daughenbaugh's  confession is foreclosed by his unconditional guilty

plea.[3]  Daughenbaugh's claim that his guilty plea is invalid may be reviewed in this collateral

proceeding if he can establish that the constitutional error in his plea colloquy "has probably resulted

---

[1]   *United States v. Segler,* 37 F.3d 1131, 1133 (5th Cir.1994) (quoting *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992) (per curiam)).

[2]   *United States v. Frady,* 102 S.Ct. 1592-93 (1982).

[3]   *see United States v. Stewart,* 972 F.2d 216, 217-18 (8th Cir.1992) (defendant who unconditionally pleads guilty waives all nonjurisdictional defenses); *U.S. v. Brimmage,*16 Fed.Appx. 564, 565, 2001 WL 921488, **1 (C.A.8 (Mo. (C.A.8 (Mo.), 2001).

2

in the conviction of one who is actually innocent."[4]  To establish actual innocence, Daughenbaugh must demonstrate that, " 'in light of all the evidence,' " "it is more likely than not that no reasonable juror would have convicted him."[5]  Daughenbaugh has failed to establish actual innocence. Accordingly, the defendant's claims regarding his confession and his guilty plea cannot be considered in this action.

Daughenbaugh also argues ineffective assistance of counsel. Evaluating whether counsel was ineffective is subject to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that the defendant was deprived of a fair and reasonable trial.[6]  The burden that *Strickland* poses on a defendant is severe.[7]

One way to satisfy the deficiency prong of the *Strickland* test is for the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness as

---

[4]    *Murray v. Carrier, supra,* at 496, 106 S.Ct., at 2649.

[5]    *Bousley v. U.S.*, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611 (U.S., 1998);  *Schlup v. Delo,* 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995) (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 160 (1970)).

[6].  *Uresti v. Lynaugh,* 821 F.2d 1099, 1101  (5th Cir. 1987) (quoting *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064); *United States v. Gibson,* 985 F.2d 212, 215 (5th Cir. 1993).

[7].  *Proctor v. Butler,* 831 F.2d 1251, 1255 (5th Cir. 1987).

measured by prevailing professional standards.[8] Given the almost infinite variety of trial techniques and strategies available to counsel, this court must be careful not to second guess legitimate strategic choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit has stressed that, "great deference is given to counsel,`strongly presuming that counsel has exercised reasonable professional judgment.'"[9]

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."[10] Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine such confidence in the outcome.[11]

Daughenbaugh argues that his attorney was ineffective for failing to investigate the hard drive to make sure that the images were not dated after Daughenbaugh left the hard drive at the computer shop. *Strickland* counsels that attorneys have a "duty to make reasonable investigations" regarding whether admissible evidence exists.[12] In evaluating attorneys' judgments as to whether to pursue evidence, courts must consider "whether the known evidence would lead a reasonable attorney to

---

[8]. *Martin v. McCotter*, 798 F.2d 813, 816 (5th Cir. 1986), *cert. den.*, 107 S.Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987).

[9]. *Martin*, 796 F.2d at 816 (quoting *Lockart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.*, 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987)).

[10]. *Strickland*, 466 U.S. at 693, 104 S.Ct at 2067.

[11]. *Strickland*, 466 U.S. at 694, 104 S.Ct at 2068.

[12]    466 U.S. at 691.

4

investigate further."[13] We apply a "heavy measure of deference to [an attorney's] judgments" as to whether additional evidence may be adduced by further investigation. *Id.* "If the decision not to investigate beyond a certain point is reasonable, then the failure to do so cannot constitute ineffective assistance of counsel."[14]  Daughenbaugh has failed to show what this investigation would have divulged or why it would have been likely to make any difference in his trial or sentencing. [15]  The factual basis in this case indicates that the defendant pleaded guilty to possession of the images found at his house, not those on the hard drive left at the repair shop.

The defendant claims that his attorney should have filed a motion to suppress. With respect to the conduct of counsel, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.[16]  As to prejudice, the petitioner must establish that but for the counsel's "unprofessional errors," the result of the proceeding would have been different.[17]  Daughenbaugh has failed to demonstrate that not filing pretrial motions was not part of the trial strategy.  Nor has the defendant presented a viable argument that could have been raised in a motion to suppress.  He argues that the police examined his hard drive without a search warrant but the facts of the case indicate that the defendant abandoned the hard drive on which the images were found.  The defendant does not have standing to challenge the

---

[13]   *Wiggins v. Smith,* 539 U.S. 510, 527 (2003).

[14]   *Stenson v. Lambert,*  2007 WL 2782551, *14  (C.A.9 (Wash.), 2007).

[15]   *Anderson v. Collins,* 18 F.3D 1208, 1221 (5th Cir. 1994).

[16]   *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065; *Hansel,* 70 F.3d at 8.

[17]   *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *United States v. Hansel,* 70 F.3d 6, 8 (2d Cir.1995).

search of property that he has voluntarily abandoned.[18]

Since Daughenbaugh pleaded guilty, all non-jurisdictional defects in the proceedings are waived. This waiver includes all claims of ineffective assistance of counsel except as the alleged ineffectiveness relates to the voluntariness of his plea.[19] At the plea colloquy, the court asked Daughenbaugh whether he was being forced, pressured or induced in any way to enter his plea. He responded negatively. Although his attestation to voluntariness is not an absolute bar to raising this claim, Daughenbaugh faces a heavy burden in proving that he is entitled to relief because such testimony in open court carries a strong presumption of verity.[20] The defendant has not presented any evidence to refute his statements indicating voluntariness which were made during the plea colloquy.

Daughenbaugh argues that he lost his right to appeal as a result of his attorney's actions. In *Roe v. Flores-Ortega*[21] the Supreme Court opined that courts must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct,"[22] and "[j]udicial scrutiny of counsel's performance must be highly deferential."[23] A lawyer who disregards a defendant's specific instructions to file a notice of appeal acts in a professionally

---

[18]  *United States v. Quiroz-Hernandez*, 48 F.3d 858, 864 (5th Cir. 1995).

[19]  *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

[20]  *See Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).

[21]  528 U.S. 470, 470-472, 120 S.Ct. 1029,1031 - 1032 (U.S., 2000).

[22]  466 U.S., at 690, 104 S.Ct. 2052.

[23]  *Id.,* at 689, 104 S.Ct. 2052.

6

unreasonable manner,[24] while a defendant who explicitly tells his attorney not to file an appeal cannot later complain that, by following those instructions, his counsel performed deficiently.[25] The question of whether counsel has performed deficiently is best answered by first asking whether counsel in fact consulted with the defendant about an appeal.   By "consult," the Court in *Flores-Ortega* meant "advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes. Counsel who consults with the defendant performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions about an appeal." If counsel has not consulted, the court must ask whether that failure itself constitutes deficient performance.

The court in *Flores-Ortega* further reasoned that "Counsel has a constitutionally imposed duty to consult, however, only when there is reason to think either (1) that a rational defendant would want to appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known."[26]

One highly relevant factor will be whether the conviction follows a trial or a guilty plea, because a plea both reduces the scope of potentially appealable issues and may indicate that the defendant seeks an end to judicial proceedings. Even then, a court must consider such factors as whether the defendant received the sentence bargained for and whether the plea expressly reserved

---

[24]   See *Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340.

[25]   See *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987.

[26]   *Flores-Ortega* at 1031.

or waived some or all appeal rights. [27]

The second part of the *Strickland* test requires the defendant to show prejudice from counsel's deficient performance. Where an ineffective assistance of counsel claim involves counsel's performance during the course of a legal proceeding, the Court normally applies a strong presumption of reliability to the proceeding, requiring a defendant to overcome that presumption by demonstrating that attorney errors actually had an adverse effect on the defense. The complete denial of counsel during a critical stage of a judicial proceeding, however, mandates a presumption of prejudice because "the adversary process itself" has been rendered "presumptively unreliable."[28] The even more serious denial of the entire judicial proceeding also demands a presumption of prejudice because no presumption of reliability can be accorded to judicial proceedings that never took place.

Daughenbaugh claims that his counsel's deficient performance led to the forfeiture of his appeal. If that is so, prejudice must be presumed. Because Daughenbaugh must also show that counsel's deficient performance actually deprived him of an appeal, however, he must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.[29] The question of whether a defendant has made the requisite showing turns on the facts of the particular case. Nonetheless, evidence that there were nonfrivolous grounds for appeal or that the defendant promptly expressed a desire to appeal will often be highly relevant in making this determination. Daughenbaugh has not established a

---

[27]  *Flores-Ortega* at 1034-1037.

[28]  *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657.

[29]  This standard follows the pattern established in *Strickland* and *Cronic*, and mirrors the prejudice inquiry applied in *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203, and *Rodriquez v. United States, supra.*

nonfrivolous ground for appeal.  He has, however, in his motion alleged that he requested that an appeal be filed.  The Government has not been successful in attempts to contact the defendant's attorney to determine the nature of their discussions during appeal.  Therefore, an evidentiary hearing is warranted on this issue.

The defendant's §2255 Motion will be denied in part and granted in part.  The §2255 Motion will be denied as to all issues, with the exception of whether there is a viable ineffective assistance claim from the failure to file a direct appeal.  An evidentiary hearing will be scheduled to determine the merits of the defendant's final issue.

Lake Charles, Louisiana, this ___ day of  October, 2007.


PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

9